UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSHUA MARSHALL,

    Plaintiff,

- against –

THE CITY OF NEW YORK, P.O. SALIM RANDALL, Shield No. 15331, Individually and in His Official Capacity, P.O. MICHAEL BURBRIDGE, Shield No. 15488, Individually and in His Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

    Defendants.

**MEMORANDUM, ORDER, AND JUDGMENT**

10-CV-2714

**Appearances:**

For the Plaintiff:

    Jon L. Norinsberg
    Law Offices of Jon L. Norinsberg
    New York, NY

For the Defendants:

    Michael A. Cardozo, Corporation Counsel of the City of New York
    Steve Stavridis, Assistant Corporation Counsel
    New York, NY

**JACK B. WEINSTEIN, Senior United States District Judge:**

For the reasons stated orally on the record at a hearing held on November 28, 2011, the defendants' motion for summary judgment is granted in part and denied in part. Summary



1

judgment is granted in favor of defendants on plaintiff's § 1983 claims alleging violations of his First, Fifth, and Eighth Amendment rights.

Plaintiff has not explained how his arrest and subsequent prosecution implicate his First Amendment rights.

Any claim plaintiff seeks to assert to recover for a violation of his Fifth Amendment rights is unavailing, since that amendment serves to restrict only the action of the federal government. *See, e.g., Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952).

Plaintiff's claim that the defendants have subjected him to cruel and unusual punishment is without merit; the Cruel and Unusual Punishment clause's protection "does not apply until after conviction and sentence." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks omitted).

Summary judgment is also granted on plaintiff's malicious abuse of process claim. Plaintiff's counsel did not assert this claim at the November 28 hearing; in any event, Marshall does not suggest in his complaint or in his memorandum of law that any action on defendants' part caused him to take action or desist from doing so.

Since a defendant's causation of action or non-action on the part of a plaintiff is an element of a malicious abuse of process claim, *see, e.g., Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003), summary judgment is granted in favor of defendants on that claim.

Plaintiff has voluntarily withdrawn his *Monell* claim against the City of New York. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Summary judgment is denied on plaintiff's false arrest, malicious prosecution, and Fourteenth Amendment fair-trial claims. The existence of a disputed question of material fact—whether plaintiff or his companion threw a gun into the street, leading to plaintiff's arrest and

prosecution for the criminal possession of a weapon—precludes the court from granting summary judgment on these claims.

This case turns on the determination of the relative credibility of plaintiff and the defendant officers. The officers contend that, as they approached plaintiff, he removed a gun from his waistband and threw it into the street. Plaintiff contends that his companion threw the gun and that the officers are lying. There is no way on summary judgment to independently determine who is credible. Summary judgment is denied on the false arrest, malicious prosecution, and fair trial claims.

The case is set down for trial on January 30, 2012. On consent, a magistrate judge will select the jury. All *in limine* motions will be heard by the court on January 23, 2012, at 10:00 a.m. By January 19, 2012, the parties shall have exchanged and submitted to the court witness lists and summaries of their testimony, marked documents, and proposed jury charges.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: November 29, 2011
Brooklyn, New York

3